

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00318-CR

BRANDI NICOLE WEST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Ochiltree County, Texas
Trial Court No. 19,805, Honorable Earl McKinley, Presiding

February 26, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Brandi Nicole West, appealed an order revoking community supervision for the offense of driving while intoxicated, and sentencing her to thirty days' incarceration in the Ochiltree County Jail, and $1,250 fine. We will dismiss.

Appellant's brief was due to be filed by November 14, 2013. When no brief was received by that date, this Court sent appellant notice that her brief was past due, and informing her that, if her brief was not filed by December 2, 2013, the appeal would be abated and remanded to the trial court for further proceedings. *See* TEX. R. APP. P.

38.8(b)(2), (3). When no brief was received, this Court issued an opinion abating the appeal and remanding the cause to the trial court to determine, *inter alia*, whether appellant desired to pursue this appeal. *See West v. State*, No. 07-13-00318-CR, 2014 Tex. App. LEXIS 53, at *1-2 (Tex. App.—Amarillo Jan. 6, 2014, no pet.) (per curiam) (not designated for publication). On remand, the trial court noticed appellant of hearing but appellant failed to appear. Based on information provided by appointed counsel, however, the trial court concluded that appellant no longer desires to prosecute this appeal. The trial court's findings of fact and conclusions of law were included in a supplemental clerk's record filed with this Court on January 31, 2014. Also included in this supplemental clerk's record is the affidavit of appointed counsel attesting that appellant no longer desires to prosecute this appeal. On February 11, 2014, this Court received appellant's motion to dismiss appeal. This motion, however, is signed only by appellant and not appellant's counsel.

While the motion does not meet the requirements of Texas Rule of Appellate Procedure 42.2(a) because it is not signed by appellant and counsel, we consider the signed affidavit of counsel to be sufficient to fulfill the purpose for Rule 42.2(a)'s requirement that the attorney sign a motion to dismiss appeal. *See* TEX. R. APP. P. 2. As this Court has not delivered its decision prior to receiving appellant's motion, the motion is hereby granted and the appeal is dismissed. Having dismissed the appeal at appellant's request, no motion for rehearing will be entertained and our mandate will issue forthwith.

Per Curiam

Do not publish.

2